IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMED ABUSHALIEH and FRANK SAMUELS on behalf of themselves and all others similarly situated, | Civil Action No. 10-211 (JBS/AMD) |
| Plaintiffs, | |
| v. | **OPINION** |
| AMERICAN EAGLE EXPRESS, INC. d/b/a AEX GROUP, | |
| Defendant. | |

APPEARANCES:

Joseph A. Osefchen, Esq.
Philip Stephen Fuoco, Esq.
THE LAW FIRM OF PHILIP STEPHEN FUOCO
24 Wilkins Place
Haddonfield, NJ 08033
     -and-
R. Andrew Santillo, Esq.
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
     Counsel for Plaintiffs

Thomas A. Linthorst, Esq.
Scott E. Ross, Esq.
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
     Counsel for Defendant

**SIMANDLE**, District Judge:

    This matter is presently before the Court on a motion by

Defendant American Eagle Express Inc. ("AEX") to dismiss

Plaintiff's action under the "first-filed" rule[1] [Docket Item 20]. The pending motion presents two questions. First, the Court must determine whether the first-filed rule is applicable to two consecutively filed putative collective actions under the Fair Labor Standards Act ("FLSA"), where the named plaintiffs are different but both sets of plaintiffs seek to represent the same group of AEX delivery drivers. The Court finds, for the reasons expressed below, that the first-filed rule does apply to these two actions. Second, the Court must decide the appropriate remedy -- dismissal, stay, or transfer. As will be discussed, the Court will transfer this action to the Eastern District of Pennsylvania ("EDPA"), where the first-filed case, along with another related action, is currently pending.

I.   BACKGROUND

   A.   The Sherman Case (E.D. Pa. Civ. No. 09-575 (JS))

On February 10, 2009, Elizabeth Sherman, on behalf of herself and all others similarly situated, filed suit in the Eastern District of Pennsylvania, pursuant to the Pennsylvania Wage Payment and Collection Law, 42 Pa. Cons. Stat. §§ 260.1-.45, and the Pennsylvania Minimum Wage Act, 42 Pa. Cons. Stat. §§ 333.101-.115. Sherman is a delivery driver for AEX and argues

---

[1] Defendant's motion also sought dismissal based on improper service, but the parties have since agreed that Plaintiffs properly served Defendant and that the motion to dismiss on this ground has been rendered moot and is withdrawn [Docket Item 28].

that AEX improperly misclassifies delivery drivers as "independent contractors," when they are truly "employees" under both common and statutory law.  She brings all claims as a class action pursuant to Rule 23, Fed. R. Civ. P., representing "All individuals who worked as American Eagle delivery drivers in Pennsylvania, between February 10, 2006 and the present who were designated by defendant as 'independent contractors.'" (Sherman Compl. ¶ 9.)  The Sherman action seeks injunctive and declaratory relief, and damages.

### B.   The Spellman Case (E.D. Pa. Civ. No. 10-1764 (MMB), previously D.D.C. Civ. No. 09-1666 (RMC))

On September 1, 2009, eleven AEX delivery drivers, lead by Clinton Spellman, brought suit in the District of the District of Columbia, seeking relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Maryland Wage and Hour Law, Md. Code Ann. [Lab. & Empl.] §§ 3-415, 3-420, the Maryland Wage Payment and Collections Law, Md. Code Ann. [Lab. & Empl.] §§ 3-501 to -509, the District of Columbia Minimum Wage Act, D.C. Code §§ 32-1001 to -1015, and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 to -1310.  Like Sherman, the named Spellman plaintiffs argue that AEX improperly labels its delivery drivers as independent contracts, when they are truly employees.

For their FLSA claim, the Spellman plaintiffs seek to represent "All persons who, within the relevant statutory period,

served as pick up and delivery drivers (couriers) for AEX." (Spellman Am. Compl. ¶ 9.)  The amended complaint further alleges that "Named-Plaintiffs, the class, and the subclasses drive or drove delivery vehicles of less than 10,001 pounds gross vehicle weight while employed by AEX."  (Id. ¶ 30.)  The Spellman plaintiffs also ask for the creation of two separate subclasses, pursuant to Rule 23, Fed. R. Civ. P., for their Maryland and District of Columbia statutory claims.  They seek declaratory, injunctive, and monetary relief.

On March 11, 2010, the Spellman plaintiffs moved to change venue to the EDPA, principally because of the pendency of the Sherman action.  On April 9, 2010, Judge Collyer granted that motion stating, among other things:

> Defendant does not, and in this Court's opinion, cannot, seriously contest that it is in the interest of judicial economy to have both cases litigated in the same court insofar as they arise out of the same policy or practice of Defendant that is alleged to have violated applicable wage-and-hour laws and present the same legal issue -- whether the couriers are "employees" subject to the wage-and-hour laws or "independent contractors" exempt therefrom.

(D.D.C. Civ. No. 09-1666, Docket Item 50.)  The Spellman action has since been transferred to the Eastern District of Pennsylvania, where it has not yet been coordinated or consolidated with the Sherman action.

4

### C. The Present Action

On January 14, 2010, Plaintiffs brought this collective action under the FLSA, arguing that AEX misclassifies delivery drivers as independent contractors instead of employees. They seek to represent "All individuals who worked as delivery drivers for AEX between January 15, 2007 and the present, who as part of their job duties for AEX drove delivery vehicles with a gross vehicle weight of 10,000 lbs. or less." (Abushalieh Am. Compl. ¶ 10.) The amended complaint also states, "The collective action group for whose benefit this action is brought numbers several hundred AEX delivery drivers in, inter alia, New Jersey, Pennsylvania, Maryland, and Delaware who drive delivery vehicles with a gross vehicle weight of 10,000 lbs. or less and who each work under the same uniform AEX policies, practices and conditions outlined herein." (Id. ¶ 13.) The Abushalieh plaintiffs seek declaratory, injunctive, and monetary relief.

On February 17, 2010, Defendant filed the present motion, asking that the Court dismiss this action under the "first-filed rule," based on the earlier Spellman action. Plaintiffs opposed arguing that (1) the first-filed rule may not apply to these circumstances because the named plaintiffs are different, (2) if the first-filed rule applies, Sherman is the first filed-case, and (3) the appropriate remedy if the first-filed doctrine is applicable is to transfer this case to the Eastern District of

Pennsylvania.

After the parties finished briefing, Plaintiffs informed the Court that the District Court for the District of Columbia had transferred Spellman to the Eastern District of Pennsylvania [Docket Item 32]. The Court asked the parties to confer regarding the possibility of transferring this action to the EDPA to join Spellman and Sherman, but neither party consented to the transfer. Both parties asked the Court to resolve this motion, with Defendant preferring that the Court dismiss this case, while Plaintiffs expressed concerns about coordinating opt-in collective actions with opt-out class actions.

## II. DISCUSSION

### A. The "First-Filed" Rule

The first-filed rule is based on the principle that "'in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'" EEOC v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988) (citing Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941)). To be applicable,

> the later-filed case must be "truly duplicative of the suit before the court." [Smith v. SEC, 129 F.3d 356, 361 (6th Cir. 1997)]. That is, "the one must be materially on all fours with the other . . . . The issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other." Id.

Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 334 n.6

(3d Cir. 2007) (select internal punctuation and citation omitted).

"The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank."  EEOC, 850 F.2d at 971.  The Third Circuit explained:

> It is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals.  No party has a vested right to have his cause tried by one judge rather than by another of equal jurisdiction. . . .  The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious.  Equally important is its adverse effect upon the prompt and efficient administration of justice.  In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy.

Crosley, 122 F.2d at 930.

As to the issues presented by the three related cases, the parties agree that the present case and the Spellman case raise virtually the identical FLSA claim and seek the same relief.  The Court agrees.  Both the Spellman and Abushalieh plaintiffs maintain that AEX has violated the FLSA by falsely classifying delivery drivers as "independent contractors," even though AEX exercises significant control over these drivers making them not

truly independent.  (Abushalieh Am. Compl. ¶¶ 30-96; Spellman Am. Compl. ¶ 33.)  To the extent that Spellman seeks additional relief under state statutes, it is clear that its FLSA fully encompasses the action pending before this Court; they are mirror images of each other.  A determination in Spellman would leave nothing to be determined in this action.

Plaintiffs argue that their claims are also sufficiently similar to the Sherman case so that, if the first-filed rule is applicable at all, the Sherman case is truly the first-filed.[2]  On this, the Court disagrees.  Though the factual allegations may be similar, the Sherman plaintiffs seek to prove that AEX violated only Pennsylvania statutes and seek to represent only Pennsylvania drivers.  As such, Sherman is not "materially on all fours" with the present case.

The real dispute, however, turns on whether the parties in Sherman are sufficiently similar to the parties in this action so that the "first-filed" rule applies.  The district courts within this circuit are divided as to whether in a typical individual civil action the parties to successive law suits must be identical in order for the "first-filed" rule to apply. Compare Ivy Dry, Inc. v. Zanfel Lab., Inc., No. 08-4942, 2009 WL 1851028,

---

[2] Plaintiffs appear to raise this argument in support of its contention that, if the first-filed rule applies, this action should be transferred to the Eastern District of Pennsylvania. Since Spellman is now also in the EDPA, this argument carries less consequence.

\*5-6 (D.N.J. June 24, 2009) (first-filed rule does not require exact identity of the parties), and <u>Nature's Benefit, Inc. v. NFI</u>, No. 06-4836, 2007 WL 2462625, at \*3 (D.N.J. Aug. 27, 2007) (parties must be "similar"), with <u>Maertin v. Armstrong World Industries, Inc.</u>, 241 F. Supp. 2d 434, 454 (D.N.J. 2002) (declining to apply first-filed rule where parties were not all the same).  As this Court noted in <u>Maertin</u>, the Third Circuit has repeatedly applied the rule to cases involving the "same parties." 241 F. Supp. 2d at 245 (citing <u>Triangle Conduit & Cable Co. v. Nat'l Elec. Prods., Corp.</u>, 125 F.2d 1008, 1009 (3d Cir. 1942) and <u>Remington Rand Corp. v. Bus. Sys., Inc.</u>, 830 F.2d 1274, 1276 (3d Cir. 1987)).

     Left unaddressed by the Third Circuit as well as both lines of district court cases, is the circumstance where two proposed collective actions include different named plaintiffs but purport to represent the same group of injured parties against the same defendant.  The only opinion the Court could discover within this circuit to address the application of the first-filed rule to collective FLSA actions is <u>Alvarez v. Gold Belt, LLC</u>, No. 08-4871, 2009 WL 1473933 (D.N.J. May 26, 2009).  In <u>Alvarez</u>, Judge Hillman applied the principles underlying the first-filed rule to an FLSA collective action, where a virtually identical FLSA collective action, albeit with different named plaintiffs, was pending before another judge within the same court.  2009 WL

9

1473933, at *2-3.  Though Judge Hillman determined that the first-filed rule was technically inapplicable, because the two cases were pending within the same court, he relied on its underlying principles to stay a decision on Alvarez' motion for class certification until the other judge ruled on the earlier class certification request.  Id. at *3-4.  Of particular concern to Judge Hillman was the possibility of inconsistent judgments on identical issues.  Id. at *3.  Moreover, the court observed, "Considering that the plaintiffs are essentially the same, the defendants are the same, and the claims are the same, as was noted in Crosley, this case presents the potential for waste of judicial resources and the duplication of two court's efforts."  Id.

    The Court finds, consistent with the Alvarez opinion, that the first-filed rule is applicable to the present action and the Spellman case.  The Abushalieh case is "truly duplicative" of the Spellman FLSA claim, in that both raise identical issues and seek identical relief on behalf of an identical group of proposed plaintiffs against the identical defendant, AEX.  While in a typical civil action the presence of different defendants or different plaintiffs may result in cases that are not "materially on all fours" with each other, such is not the case with two collective actions against the same defendant.  Where each set of named plaintiffs intends to represent the other set, the

10

underlying principles of the first-filed rule which seek to avoid "vexation of subsequent litigation over the same subject matter" and "the economic waste involved in duplicating litigation," and to promote "prompt and efficient administration of justice," permit this Court to defer to the court of first jurisdiction. See Crosley, 122 F.2d at 929-30. The Court sees no need to wait until a decision is made on a motion for class certification in Spellman before applying the first-filed rule, because both cases are already being litigated on behalf of the same set of proposed plaintiffs, making the parties "essentially the same." See Alvarez, 2009 WL 1473933, at *2-3. Under the first-filed rule, this Court should not battle with the Spellman court over the same case.[3]

### B. The Appropriate Remedy

Once a court finds that the first-filed rule applies, the Court must decided whether the later-filed action should be dismissed, stayed, or transferred pursuant to 28 U.S.C. § 1404(a). Clean Harbors, Inc. v. ACSTAR Ins. Co., 09-5175, 2010 WL 1930579, at *6 (D.N.J. May 12, 2010); Keating Fibre Int'l, Inc. v. Weyerhaeuser Co., 416 F. Supp. 2d 1048, 1052-1053 (E.D.

---

[3] The Court acknowledges that the first-filed rule is not iron-clad and that even where applicable it need not be applied if there exist "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." EEOC, 850 F.2d at 972. There is no suggestion in this case, however, of extraordinary circumstances or inequitable conduct justifying an exception to the general rule.

11

Pa. 2006). The Court finds that transfer of this action to the Eastern District of Pennsylvania, where both similar federal actions are currently pending, where Defendant AEX is headquartered, and the forum referenced in the AEX driver form contract (Pl. Exh. E ¶ 25), is the appropriate remedy.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[4] In addition to the enumerated factors in § 1404(a), the Court of Appeals has laid out both private and public interests that may be considered in ruling on a motion to transfer. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

Among the private interests that the Jumara court identified as being significant to the § 1404(a) analysis are:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. at 879 (citations omitted). Among the public interests to be considered are:

---

[4] There is no dispute between the parties in this case that the Easter District of Pennsylvania is a "district . . . where [the case] might have been brought."

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (citations omitted).

The private factors support transfer to the EDPA. Though both parties present transfer as their second choice, because the Court declines to dismiss and has found the first-filed rule to be applicable, neither Plaintiffs nor Defendant offer strong objections to that forum. In fact, Defendant expressed preference for Pennsylvania in its own form contracts. This is perhaps because AEX has its principal place of business in the Eastern District and consequently many of the relevant witnesses and documents are likely located there. The Court further notes that the distance between this court and the EDPA is no more than four miles and a short commute on public transportation, so none of the parties should be significantly inconvenienced.

The public factors support transfer to the Eastern District of Pennsylvania. As previously discussed, the first-filed case is presently pending in the Eastern District and the benefits of transferring this action so that it may be coordinated or consolidated with Spellman (and possibly coordinated with the similar Sherman action, also in the EDPA) are manifold. Defendant AEX may respond to a single action and the named

13

plaintiffs in both cases may continue to pursue their common claims.  This case raises no state law claims, so there is no question of local expertise.  It is in the interest of justice, and it is further consistent with the principles behind the first-filed rule, that these mirror-image causes of action be litigated in the same forum.[5]  The Court will transfer this case to the EDPA so that it may be coordinated or consolidated with the first-filed Spellman case.

---

[5] In response to the Court's request that the parties confer regarding the possibility of transfer, Plaintiffs raised concerns about combining this "opt-in" collective FLSA action with Spellman, which includes both "opt-in" and "opt-out" class claims.  To the extent there is a conflict between the Rule 23 and the FLSA claims within Spellman, the Court does not find this concern sufficient to justify dismissing or staying this action, over transferring the case (Plaintiffs' stated preference).

While it is true that the combination of an opt-out class action and opt-in FLSA collective actions might have the effect of nullifying the opt-in requirement by including in the class action individuals who did not choose to opt-in, there are several potential remedies for such a conflict, none of which harm Plaintiffs' FLSA claim.  First, federal courts have dismissed or severed the conflicting state-law class action claims.  See, e.g, Hyman v. WM Fin. Servs., Inc., No. 06-CV-4038, 2007 WL 1657392 (D.N.J. June 7, 2007); Himmelman v. Continental Cas. Co., No. 06-166, 2006 WL 2347873 (D.N.J. Aug. 11, 2006); Otto v. Pocono Health Sys., 457 F. Supp. 2d 522 (M.D. Pa. 2006). Second, courts have crafted the Rule 23 class to include only those people who opt-in.  See Robinson v. Sizes Unlimited, Inc., 685 F. Supp. 442, 446 (D.N.J. 1988); Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 392, 412 (D.N.J. 1988).  In either case, if Abushalieh is consolidated or coordinated with Spellman, its FLSA claim remains untouched.  The Court has no doubt that the Eastern District of Pennsylvania will determine a just solution should AEX raises this issue, and this Court expresses no opinion.  The Court further concludes that where Plaintiffs' options are dismissal, a stay, or transfer, transfer would best serve Plaintiffs' interests as well as the interest of justice.

**III. CONCLUSION**

    For the foregoing reasons, the Court finds that the first-filed rule applies to this action but will deny Defendant's motion to dismiss and instead transfer this action to the United States District Court for the Eastern District of Pennsylvania. The accompanying Order shall be entered.


**June 7, 2010**                                    **s/ Jerome B. Simandle**
Date                                                 JEROME B. SIMANDLE
                                                         United States District Judge